IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARY K. CURTIS | CASE NO.   5:22-CV-02028-JRA |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | |
| SUMMIT COUNTY CHILDREN SERVICES, et al. | **MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Defendants. | |

Now comes Defendant County of Summit, through undersigned counsel, and hereby moves that this Court dismiss Summit County from this action, as a matter of law, pursuant to Fed. R. Civ. P. 12(C). A memorandum in support of said motion is attached hereto.

Respectfully submitted,

**SHERRI BEVAN WALSH**
Prosecuting Attorney

**MARRETT W. HANNA (#0065689)**
Assistant Prosecuting Attorney
Phone: (330) 643-2792
mhanna@prosecutor.summitoh.net

*Counsel for County of Summit*

## MEMORANDUM IN SUPPORT

### I. Statement of Facts

Plaintiff states she worked as a Social Worker Assistant/Social Service Aide at Summit County Children Services (SCCS). (Compl. ¶ 7). She supervised court ordered visitations in people's homes, in the community or at SCCS. (Compl. ¶ 7). Plaintiff also alleges that the County of Summit is a charter form of government that oversees SCCS. (Compl. ¶ 9). Plaintiff alleges SCCS was her direct employer and a division of the Defendant County of Summit. (Compl. ¶ 13). On August 9, 2021, SCCS instructed staff to wear masks. (Compl. ¶ 23). Plaintiff alleges she submitted a request for a religious accommodation to SCCS. (Compl. ¶ 33). Plaintiff alleges she was forced to take Paid Time Off but fails to identify who forced her to take this action. (Compl. ¶ 35). A hearing on the matter was held by SCCS Deputy Director of Human Resources and Support Services. (Compl. ¶ 36). Plaintiff alleges SCCS asked if there were any options. (Compl. ¶ 36). The proceeding paragraphs in the complaint assert actions undertaken by SCCS. (Compl. ¶¶ 37-40). SCCS held a disciplinary hearing. (Compl. ¶ 41). Plaintiff alleges she filed a charge of discrimination but does not state that she included the County of Summit as her employer in this charge[1]. (Compl. ¶ 44).

### II. Law and Argument

#### A. A Motion for Judgment on the Pleadings Tests the Pleading with Respect to Issues of Law

On a motion under Rule 12(c), courts "must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662 [129 S.Ct. 1937, 173 L.Ed.2d 868] (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 [127 S.Ct. 1955, 167 L.Ed.2d 929] (2007)." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017)). Only "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief" and "allow the court to draw the reasonable inference that

---

[1] The County of Summit has no record of receiving an EEOC charge with respect to Mary K. Curtis.

2

> the defendant is liable for the misconduct alleged" will survive. *Id.* (quotation and citation omitted). Conversely, "[m]ere labels and conclusions are not enough[.]" *Engler*, 862 F.3d at 575. Nor are facts that are "merely consistent with" liability. *Bates*, 958 F.3d at 480 (quotation omitted).

*Kenyon v. Union Home Mortg. Corp.*, 581 F. Supp. 3d 951, 955 (N.D. Ohio 2022). Unwarranted inferences or legal conclusions are not to be accepted as true by the court. *Id.* Citing *Holland*, 656 F. App'x at 236–37 (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). As set forth below, the county charter, and other legal authority reveals that Defendant County of Summit was never Plaintiff's employer. Allegation of an employment relationship are nothing more than unwarranted inferences and are not sufficient to withstand this motion.

### B. The County of Summit Cannot Legally Control the Employees of Summit County Children Services

#### 1. The Powers of Counties are Established by the Ohio Constitution and State Legislation

As background, Art. X, § 1 of the Ohio Constitution allows the powers and duties of county officers to be established by legislation. *State ex rel. O'Connor v. Davis*, 9th Dist. Summit No. 19333, 139 Ohio App. 3d 701, 705, 745 N.E.2d 494, 497 (2000). Counties may only exercise powers affirmatively granted to them by the General Assembly. *Geauga County Bd. of Comm'rs v. Munn Road Sand & Gravel*, 67 Ohio St. 3d 579, 621 N.E.2d 696 (1993) (citations omitted). Conversely, absent specific statutory authority, the county cannot act.

Art. X, § 3 of the Ohio Constitution permits the people of a county to establish a charter form of government. See also *State ex rel. O'Connor v. Davis*, supra. "[A] county charter must provide for the exercise of *all* powers, and the performance of *all* duties, imposed on the counties and county officers by law." *State ex rel. McGinn v. Walker*, 2017-Ohio-7714, ¶ 23, 151 Ohio St. 3d 199, 204, 87 N.E.3d 204, 209. Ohio Constitution, Article X, § 3. [W]hile the powers and duties of county government are established by the general laws of the state of Ohio, the charter document provides for the "form" as well as the "exercise" and "performance" of those powers and duties.

3

*State ex rel. O'Connor v. Davis*, supra, at 705.

### 2. The County of Summit Charter

Counties are permitted to elect a board of county commissioners per R.C. §302.08, but this form of county government is not mandatory. Summit County has a charter form of government with no board of commissioners. A county charter shall determine which of its officers shall be elected. Ohio Constitution, Article X, § 3. The Summit County Charter (Charter) establishes how the County exercises its powers given to it by the legislature and Ohio Constitution as discussed above. Per § 5.01 of the Charter, the effective date of the Charter was January 1, 1980. As stated in *Cty. of Summit v. Morgan*, in its adoption of the Charter, "the voting public gave Summit County a new and innovative form of charter government in 1980." 9th Dist., Summit No. 10270, 1981 WL 4253, at *1. Per Art. I of the Charter, the "County is responsible for the exercise within its boundaries of all powers vested in and the performance of all duties imposed upon counties and county officers by law."

R.C. §302.02 allows for county government to elect a county executive. R.C. §302.18 states that the county executive "shall be the administrative head of the county and shall perform all duties of an administrative or executive nature vested in or imposed upon the board of county commissioners by general law or by agreement..." Article II, § 2.03 of the Charter sets forth the powers and duties of the elected County Executive. The executive is responsible "for the day-to-day running of the departments, offices and agencies of County government..." However, the Executive is not authorized to discipline employees under the jurisdiction of boards. Art. II, § 2.03(1).

Article III, § 3.03, of the Charter sets forth the powers and duties of the County Council. County Council is to establish departments, divisions, and sections within the departments, as well as boards, agencies, commissions, and authorities that the council determines is necessary for the administration of the county. County Council is not permitted to pass resolutions that are

4

in conflict with the Charter. *Morgan v. Summit Cty. Council*, No. 9th Dist., Summit No. C.A. 12703, 1987 WL 6175, at *2.

Article IV, § 4.01 of the Charter states that the county elected office holders are the Clerk of Court of Common Pleas, County Engineer, Prosecuting Attorney, Sheriff, and County Fiscal Officer. Art. IV § 4.01(2)(b) combined the county auditors, county recorder's and county treasurer's offices into the county fiscal office. None of these elected office holders control, supervise or discipline the employees working under SCCS.

The Charter references county employment several times. With respect to employee discipline, Chapter 169. 20(a) states that "[e]ach appointing authority shall have the right to treat each infraction upon its individual merit and without creating any precedent for the treatment of any case, which may arise in the future." Per § 169.02(b) ""[a]ppointing authority" means the elected office holders as described in Article III, § 3.03(10) of the County of Summit Charter, who are authorized by law to make appointments to positions." Sec. 3.03(10) authorizes County Council to "establish personnel procedures, job descriptions, rankings, and uniform pay ranges for all County employees of the County Fiscal Officer, Clerk of the Court of Common Pleas, Medical Examiner, County Engineer, Prosecuting Attorney, Sheriff, County Council, County Executive, including the Department of Jobs and Family Services and the Department of Human Resources." Social Worker Assistant/Social Service Aid in the Community Visit Unit at SCCS does not fall under any of the offices and departments listed in the preceding sentence.

### C. Employees of Summit County Children Services are not Controlled by the County of Summit

#### 1. The SCCS Board and Executive Director control SCCS Employees

Per R.C. § 5153.02, every county in Ohio is to have a public children services agency. Per Summit County Codified Ordinance 151.01(a), the Summit County Children Services Board shall consist of 10 members appointed by the County Executive and confirmed by County Council. The

5

Children Services Board is permitted to employ an executive director. R.C. § 5153.06. The executive director, with the approval of the board, shall appoint all other employees except the superintendent of any institution. R.C. § 5153.11. The County of Summit has no authority to hire, manage, or discipline employees appointed by the board and/or executive director. As shown below, this specific issued was previously opined upon by the Ohio Attorney General.

In 1994, the Summit County Prosecutor asked if it were possible to have legislative control over several agencies including the Summit County Children Services Board. 1994 Ohio Op. Atty. Gen. No. 94-095 (Ohio A.G.), 1994 WL 725890. Decided Dec. 30, 1994. The control would include control over personnel. *Id.* The opinion noted that because the legislature "has empowered the juvenile courts to commit a child to the custody of a 'public children services agency,' it appears that the existence of such an agency is not purely a matter of the county's local self-government. *Id.* citing *Cupps v. City of Toledo*, 170 Ohio St. 144, 163 N.E.2d 384 (1959). The opinion concluded that per Ohio Const. art. X, § 3, a county children services board, in addition to other boards, was not under the control of Summit County. *Id.* At *6. As such, the allegations in the complaint, which aver that Defendant County of Summit is Plaintiff's direct employer and maintains oversight authority over SCCS (Compl. ¶¶ 13, 14) are contrary to law.

2. **SCCS and the County of Summit are Separate Governmental Entities**

In order to hold the County of Summit liable for discrimination and retaliation under Title VII, Plaintiff must show the county was her "employer." *Mohammed v. Verst Grp. Logistics, Inc.,* No. 1:16-CV-333, 2017 WL 1449759, at *5 (S.D. Ohio Apr. 21, 2017), *report and recommendation adopted sub nom. Mohammed v. Verst Grp. Logistics*, No. 1:16-CV-333, 2017 WL 2378402 (S.D. Ohio June 1, 2017). In *Satterwhite v. Ashtabula Cnty. Metroparks*, the Court (ACMP) examined four factors in determining if Ashtabula County and Ashtabula County Metroparks were a single employer. 514 F. Supp. 3d 1014, 1029 (N.D. Ohio 2021).

6

> (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control.

*Id.* citing *York v. Tennessee Crushed Stone Ass'n*, 684 F.2d 360, 362. (6th Cir. 1982)). The court found that the plaintiff failed to present any evidence of the third factor, centralized control over labor relations and personnel. *Id.* at 1031. The Court noted that under R.C. § 1545.07, the board of park commissioners had the ability to hire and fire employees, not the county. *Id.* Satterwhite failed to show the county exercised any control over the decision to terminate. *Id.* Evidence of the county managing payroll and other employee benefits does not equate to exercising control over hiring, duties and employee termination. *Id.* at 1032.

To the extent Plaintiff maintains the County of Summit is a joint employer of Plaintiff, the complaint lacks detail to satisfy the standards established in *Iqbal* which held mere labels and conclusions in a complaint are insufficient. *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017), citing *Ashcroft Iqbal* at 678. The complaint alleges discipline and termination but gives no detail as to how Defendant County of Summit was involved. The complaint references one person who is a director at SCCS, not the County of Summit. (Compl. ¶ 36). The complaint leaves the reader to guess as to how Defendant County of Summit was involved in Plaintiff's employment, which is insufficient to allow her to proceed against this Defendant on her causes of action. *Scott v. Giant Eagle, Inc.*, No. 1:12-CV-03074, 2013 WL 1874853, at *3 (N.D. Ohio May 3, 2013), *aff'd* (May 14, 2014).

In *Higgins v. Vitran Exp. Inc.*, Plaintiff sued two entities claiming both were his employer. No. 1:09CV228, 2009 WL 3873662, at *1 (S.D. Ohio Nov. 18, 2009). One of the companies filed a motion to dismiss claiming the allegation of employment was an unsupported factual

7

allegation and that no employer employee relationship existed. *Id.* at *2. In the Report and Recommendation, the Magistrate Judge noted the lack of detail in the complaint as to how the two entities are considered a joint employer. *Id.* The Judge adopted the Magistrate Judge's recommendation to grant the motion to dismiss based on the failure to show an employer employee relationship in the complaint. *Higgins v. Vitran Exp.,* No. 1:09CV228, 2010 WL 2788567, at *1 (S.D. Ohio July 14, 2010).

### III. Conclusion

In Plaintiff's complaint, she accuses only SCCS of forcing her to take time off, holding a hearing regarding her request for an accommodation, refusing her request, and then terminating her in violation of her civil rights. The County of Summit is included in the reference to the Defendants as a whole in some paragraphs alleging discrimination, retaliation and failure to accommodate. (Compl. ¶¶ 52, 57, 65). WHEREFORE, having answered, Defendant County of Summit requests that Plaintiff's Complaint be dismissed with prejudice and costs to Plaintiff.

Respectfully submitted,

**SHERRI BEVAN WALSH**
Prosecuting Attorney

*/s/ Marrett W. Hanna*
**MARRETT W. HANNA (#0065689)**
Assistant Prosecuting Attorney
Phone: (330) 643-2792
mhanna@prosecutor.summitoh.net

*Counsel for County of Summit*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2023 a copy of the foregoing instrument was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system.

MARRETT W. HANNA (#0065689)
Assistant Prosecuting Attorney
Phone: (330) 643-2792
mhanna@prosecutor.summitoh.net

*Counsel for County of Summit*